# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3023-17T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

    Plaintiff-Respondent,

v.

C.S.R.,[1]

    Defendant-Appellant,

and

C.C.

    Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF S.B.R.
and S.D.R.,

    Minors.

_____

---

[1] We use initials to maintain confidentiality. R. 1:38-3(d)(12).

Submitted February 13, 2019 – Decided February 25, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0231-15.

Joseph E. Krakora, Public Defender, attorney for appellant (Albert M. Afonso, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Carlos J. Martinez, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith A. Pollock, Deputy Public Defender, of counsel; Caitlin A. McLaughlin, Designated Counsel, on the brief).

PER CURIAM

Defendant father C.S.R. appeals the family court's February 20, 2018 order terminating his parental rights to his two daughters, S.B.R., who is now nine years old, and S.D.R., who is now six years old. We previously affirmed the family court's findings regarding prongs one through three of the best interests of the child test, N.J.S.A. 30:4C-15.1(a). N.J. Div. of Child Prot. & Permanency v. C.S.R., No. A-3143-15 (App. Div. May 12, 2017) (slip op. at 6). Concerned by the children's post-trial removal from a paternal relative

placement where adoption was initially anticipated, we remanded for further hearings on prong four; whether termination of defendant's parental rights would do more harm than good. Id. at 6-7. The children are living in a pre-adoption home and the mother has executed an identified surrender[2] to the resource mother. After a two-day evidentiary hearing, Judge Linda Lordi Cavanaugh held that the Division of Child Protection and Permanency (the Division) proved by clear and convincing evidence that termination would not do more harm than good. We affirm substantially for the reasons set forth in her February 20, 2018 oral decision and her twenty-five page written opinion.

In reaching her decision, the judge relied on the Division's two witnesses: experienced adoption caseworker Patrice Amatrudi, and Dr. Peter DeNigris, who testified as an expert at the first trial and again at the new hearing. The Division first became involved with defendant and his family in 2009. Defendant's daughters have been out of his care for more than four years. Defendant intermittently visited his daughters. In February 2016, one month

---

[2] "In practice, an 'identified surrender' means that those exact person(s) as to whom the surrender is made shall adopt the children. If for some reason the 'identified' persons are not able to adopt the child, the surrender becomes 'void' and the parental rights of surrendering parent(s) are reinstated. See N.J.S.A. 9:3-38(j); N.J.S.A. 9:3-41; N.J.S.A. 30:4C-23." N.J. Div. of Youth & Family Servs. v. D.M.B., 375 N.J. Super. 141, 145 (App. Div. 2005).

A-3023-17T1

before his parental rights were first terminated, defendant stopped visiting his daughters. Even when the girls were placed with paternal relatives in 2014, defendant had little contact with them.

During an August 2015 bonding evaluation, Dr. DeNigris determined that defendant had not bonded with his daughters. In his June 2017 bonding evaluation, Dr. DeNigris found "a healthy bond" had formed between the girls and their new resource mother. In July 2017, Dr. DeNigris, wrote an addendum to his evaluation, at the request of the Division, opining that resuming visitation between defendant and his daughters would be harmful because the girls had not seen their father in approximately a year-and-a-half. The older child's therapist agreed with this assessment.

After considering the relationship between defendant and his daughters, and the need for the girls to have a permanent home, Judge Cavanaugh found that termination of parental rights would not do more harm than good. The judge noted that defendant had a history of not complying with court-ordered Division services, and had not addressed the issues that consistently presented obstacles to reunification with his daughters. The judge also pointed out that the Division reached out to defendant and offered him a psychological evaluation, but he did not participate.

4

Moreover, defendant did not present any evidence at the second trial to rebut the evidence presented at the first trial demonstrating he was not capable of providing a safe and stable home for his daughters. Defendant did not appear at trial and his counsel had difficulty contacting him. He failed to demonstrate that he had made any improvements in his ability to care for his daughters. Because defendant had not improved, because the girls were not bonded to defendant, and because they were thriving in their new placement, the judge found that termination of parental rights would not do more harm than good.

Judge Cavanaugh detailed the history and reasons why termination of defendant's parental rights would not do more harm than good. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-12 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3023-17T1